`UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Arthur J. Doiron

    v.                                          Civil No. 16-cv-264-SM

New Hampshire Department of
Corrections et al.[1]


**REPORT AND RECOMMENDATION**

Plaintiff Arthur J. Doiron, a prisoner proceeding pro se, has filed a complaint (Doc. No. 1).  The complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).


**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in

---

[1] The defendants named in this action are: the New Hampshire Department of Corrections ("DOC"); New Hampshire State Prison ("NHSP") Corrections Officer ("CO") Camirand, whose first name is unknown ("FNU"); DOC Director of Community Corrections Kim Mackay; DOC Commissioner William Wrenn; and NHSP CO FNU Copp. All defendants are sued in their individual and official capacities.

the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

## **Background**

On May 14, 2016, at 6:30 p.m., while Doiron was asleep in his cell at the New Hampshire Department of Corrections ("DOC") Transitional Work Center ("TWC"), Corrections Officer ("CO") Camirand was conducting a count of the inmates.  When he got to Doiron's cell, and found him sleeping, he hit him two or three times in the shoulder and neck area with a clipboard.

Immediately after the count was completed, Doiron went to see the Officer-in-Charge, CO Copp, to complaint about Camirand hitting him with a clipboard.  Copp told Doiron he would not get involved and told Doiron to file a grievance.  Copp then cautioned Doiron that filing a grievance would likely result in Doiron being moved out of the TWC and to a housing unit "behind the walls" of the New Hampshire State Prison.

Doiron asserts that, in violation of prison policy, Copp neither wrote a report nor contacted the shift commander concerning Doiron's complaint.  Doiron, after later being moved out of the TWC, filed requests and grievances, but apparently

did not file a grievance when he was at the TWC for fear of being transferred.

Doiron also claims that DOC Commissioner William Wrenn, and the DOC Director of Community Corrections, Kim Mackay, violated Doiron's right to a safe prison environment by allowing COs Camirand and Copp to work at the TWC.  Seeking damages, Doiron asserts that each of the defendants he has named is liable to him in their individual and official capacities.

## Discussion

### I. Excessive Force

The Eighth Amendment protects a prisoner from excessive force that amounts to cruel and unusual punishment.  See Skinner v. Cunningham, 430 F.3d 483, 488 (1st Cir. 2005).  In determining whether a plaintiff has established a claim for excessive force, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).  "[D]e minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind," do not violate the Eighth Amendment.  Id. at 9-10 (internal quotation marks and citations omitted).

Here, Doiron asserts that he was sleeping when he was struck two or three times by a clipboard. While the facts alleged demonstrate that Camirand's actions were unprovoked, nothing in the complaint, even liberally construed, shows that Camirand acted maliciously or sadistically, or exercised more than "de minimis" force against Doiron. Accordingly, Doiron has failed to state an Eighth Amendment claim based on this incident, and the district judge should dismiss Doiron's excessive force claim.

## II. Failure to Follow Prison Policies and Procedures

An inmate has no freestanding constitutional right to have prison officials follow prison policies if the officials' actions are otherwise constitutional. See Querido v. Wall, C.A. No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at *14, 2010 WL 5558915, at *3 (D.R.I. Dec. 8, 2010), R&R adopted, 2011 U.S. Dist. LEXIS 1882, 2011 WL 63503 (D.R.I. Jan. 7, 2011). Here, Doiron has not asserted sufficient facts to demonstrate that Copp's failure to write a report or contact the shift commander concerning the clipboard incident, violated Doiron's constitutional rights. Accordingly, Doiron cannot assert a claim based on Copp's failure to properly follow prison policies, and the district judge should dismiss that claim.

### III. Supervisory Liability – Defendants Wrenn and Mackay

Doiron has not alleged any facts indicating that either Wrenn or Mackay, themselves, acted, or failed to act, in a manner that violated his rights.  Without such a showing, supervisory prison officials are not liable for the acts of their subordinates, based solely on their supervisory authority over, or even awareness of, those acts.  See Soto-Torres v. Fraticelli, 654 F.3d 153, 159 (1st Cir. 2011); see also Iqbal, 556 U.S. at 676.  Accordingly, the district judge should dismiss the claims asserted against Wrenn and Mackay.

### IV. Official Capacity

Doiron's claims against the DOC, and against the other defendants in their official capacities, should be dismissed, as such claims are barred by the Eleventh Amendment.  See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014); Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010).  Accordingly, the district judge should dismiss Doiron's official capacity claims.

### V. State Law Claims

Doiron asserts that defendants are liable to him in tort, under state law, based on the facts asserted in his complaint.  Because the court finds that Doiron has failed to state any federal claim upon which relief might be granted, the district

5

judge should decline to exercise its supplemental jurisdiction, see 28 U.S.C. § 1367, over the asserted state law claims, without prejudice to Doiron's ability to assert those claims in state court.

## Conclusion

For the foregoing reasons, the court finds that Doiron has failed to state any federal claim upon which relief might be granted, and recommends that the district judge dismiss this action in its entirety. The dismissal of Doiron's claims asserted under state law should be without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

October 24, 2016

cc: Arthur J. Doiron, pro se